UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY J. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTEN MANUFACTURING AND DESIGN,<br>RODNEY ANDERSON,<br><br>Defendants. | ) | No. 1:26-cv-02370-JPH-TAB |

**ORDER**

Plaintiff Bradley J. Harris brings this action against his former employer, Housten[1] Manufacturing and Design, and its owner, Rodney Anderson, for alleged violations of The Fair Credit Reporting Act and Title VII of the Civil Rights Act. Dkt. 1. Mr. Harris alleges Defendants fired him solely based on his status as a registered sex offender. *Id.* He seeks over $750,000 in damages. *Id.*

The Court has the inherent authority to screen Mr. Harris's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the

[1] Mr. Harris refers to Defendant Housten Manufacturing and Design as both "Housten" and "Houston." *See* dkt. 1. This order refers to Defendant as "Housten."

same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Mr. Harris interviewed with Housten Manufacturing in September 2025. Dkt. 1 at 2. Mr. Harris informed Mr. Anderson of his criminal background and the fact that he was a registered sex offender. *Id.* Mr. Anderson "assured Harris that[] Houston Manufacturing and Design[] is a 'second chance company no matter [] your background,'" and Mr. Harris was hired the next day. *Id.* Defendants did not conduct a background check on Mr. Harris at any time during his employment. *Id.* Just two weeks after he began working for Defendants, Mr. Harris was informed that he was being fired due to his status as a registered sex offender. *Id.*

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-

matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*."). Congress granted federal courts a statutory basis for jurisdiction primarily over two types of cases: cases "arising under" federal law, 28 U.S.C. § 1331, and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019).

Mr. Harris alleges in his complaint that the Court has federal question jurisdiction under Title VII and the FCRA. Dkt. 1 at 1. Title VII prohibits an employer from discriminating against an employee on the basis of the employee's race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). Mr. Harris alleges that he was discriminated against based on his status as a registered sex offender, dkt. 1 at 2, but being a registered sex offender is not a protected class under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). Mr. Harris does not allege in his complaint that Defendants discriminated against him based on any classes protected under Title VII, therefore he has not stated a claim upon which relief may be granted. *See Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995).

Mr. Harris also mentions the FCRA as a basis for jurisdiction but does not state facts alleging a violation of the FCRA. "The FCRA imposes certain

requirements on consumer reporting agencies . . . and entities that furnish information to those agencies[.]" *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); 15 U.S.C. § 1681s. The FCRA requires entities to provide to the consumer a copy of the consumer report and a description of the consumer's rights "before taking any adverse action based in whole or in part on the report[.]" 15 U.S.C. § 1681b(b)(3)(A). But Mr. Harris declares in his complaint that "Defendants in fact did not run a background check on Harris at any time during his short time of employment." Dkt. 1 at 2. With no consumer report at issue, even liberally construing the complaint, the Court cannot discern within it any plausible FCRA claim against either defendant.

Because Mr. Harris's complaint does not allege any violation of federal law or the federal constitution, the Court does not have subject-matter jurisdiction over Mr. Harris's case. Mr. Harris shall have through **November 30, 2022** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show either (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship, or (3) another basis for the Court's jurisdiction.

If Mr. Harris does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 11/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY J. HARRIS
2407 N. Centreville Rd
Apt 109
Centreville, IN 47330